IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**RYAN DUANE DENT-EL[1],**

    **Petitioner,**

v.                                      **Case No. 5:16-cv-09050**

**D.L. YOUNG, WARDEN,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**, that Respondent's request for dismissal be **GRANTED**, and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

### I.    Factual and Procedural Background

On December 8, 2009, Ryan Duane Dent ("Dent") was convicted in the United States District Court for the Western District of Virginia (the "Sentencing Court") of

---

[1] The United States maintains that Petitioner's legal name is Ryan Duane Dent. (ECF No. 9 at 1, n.1). Petitioner does not dispute the United States' contention. Therefore, Petitioner shall be referred to as Ryan Duane Dent in this document.

multiple counts of distributing cocaine base in violation of federal law. *See United States v. Dent*, Case No. 5:09-cr-00016 (W.D. Va. Dec. 14, 2009), at ECF No. 34. The Sentencing Court applied 21 U.S.C. § 841(b)(1)(B) to one of the drug distribution counts against Dent, which imposed a statutory minimum period of incarceration of 120 months and an eight-year term of supervised release, due to the fact that Dent had a prior drug conviction in the state of Maryland. *Dent*, Case No. 5:09-cr-00016, at ECF No. 33. Dent was ultimately sentenced to 151 months of incarceration and eight months of supervised release. *Id.*

Dent filed a direct appeal on December 18, 2009, but voluntarily dismissed it by order entered on February 2, 2010. *Dent*, Case No. 5:09-cr-00016, at ECF No. 43. The Sentencing Court reduced Dent's sentence the following year under 18 U.S.C. § 3582(c)(2) pursuant to an amendment to the United States Sentencing Guidelines, which applied to convictions concerning cocaine base or crack cocaine. *Dent*, Case No. 5:09-cr-00016, at ECF No. 54. Dent's 151-month term of imprisonment was reduced to the statutory minimum under the sentence enhancement of 120 months, but the other terms of Dent's original sentence remained the same. *Id.* at 2; *see also Dent*, Case No. 5:09-cr-00016 at ECF No. 34 at 4. Dent filed subsequent motions to further reduce his sentence, but his motions were denied. *Dent*, Case No. 5:09-cr-00016, at ECF Nos. 90, 95, 108.

On or about September 22, 2016,[2] Dent filed the instant *pro se* application under § 2241 while he was incarcerated in this judicial district. (ECF No. 1). Dent contends that he is "sitting in prison serving an enhanced sentence that Federal law dictates that he should not receive." (*Id.* at 7). Specifically, Dent argues that he should not have received an increased sentence under 21 U.S.C. § 841(b)(1)(B) on the basis of his prior drug

---

[2] The precise date on which Dent deposited the petition with prison authorities is not evident from the document.

conviction, because his prior crime was a misdemeanor. (*Id.* at 10). Dent further states that he wrote a letter to the Assistant United States Attorney that prosecuted his case ("AUSA Ryan Souders") and asked him to provide the legal basis for Dent's enhanced sentence. (*Id.* at 7). According to Dent, he has not received a written response to his inquiry and the Court should "enjoin the Government – AUSA Ryan Souders – from withholding from [Dent] the records that he seeks." (*Id.*).

Pursuant to a show cause order entered in this case, Respondent filed a response to Dent's § 2241 petition. Respondent contends that Dent's petition is properly construed under 28 U.S.C. § 2255 because Dent challenges the imposition, rather than the execution, of his sentence. (ECF No. 9 at 4). However, Respondent argues that Dent is procedurally barred from filing a § 2255 motion because much more than one year elapsed after Dent's judgment of conviction became final before Dent filed this action. (*Id.*). Respondent asserts that Dent does not show good cause that the time period should be extended under 28 U.S.C. § 2255(f), nor does he show that his remedy under § 2255 is inadequate or ineffective such that the savings clause in 28 U.S.C. § 2255(e) applies to Dent's petition. (*Id.* at 4-5).

Furthermore, Respondent argues that Dent does not assert a meritorious claim under § 2255. (*Id.* at 6). Respondent states that the Sentencing Court rejected the same argument that Dent presents in this petition and the Sentencing Court's decision was upheld by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (*Id.*). Respondent notes that even if state law classifies an offense as a misdemeanor, a state drug offense qualifies as a felony drug offense if it is punishable by more than one year. (*Id.*). Respondent states that Dent did not appeal the Fourth Circuit's decision on that issue and, in any event, Dent cannot collaterally attack under § 2255 the prior

3

conviction that was used to enhance his sentence. (*Id.* at 7).

Subsequent to Respondent's response in this matter, Dent was released from incarceration on January 16, 2018. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Aug. 28, 2018).

## II. Analysis

The relief that Dent seeks in this action is not abundantly clear on the face of the petition. (ECF No. 1). While Dent argues that he is "sitting in prison" serving an illegally enhanced sentence, he only explicitly asks the Court to enjoin AUSA Ryan Souders "from withholding the requested records from him." (*Id.* at 7). The "requested records" are presumably the written federal laws that provide the legal basis for Dent's enhanced sentence. Nonetheless, Respondent asserts that the relief that Dent seeks in this action is a reduction in his federal sentence. (ECF No. 9 at 6).

First, addressing Dent's request for the Court to compel AUSA Ryan Souders to provide Dent with documents to explain the legal basis for the sentence enhancement that Dent received, the undersigned **FINDS** that § 2241 is not the proper legal avenue to obtain the relief requested. Title 28 U.S.C. § 2241 is designed to address challenges to the execution of a sentence; it is not a mechanism to compel the production of documents.

Next, to the extent that Dent argues that his federal sentence should not have been enhanced based upon his prior drug conviction, his claim is not cognizable under § 2241 and is not properly raised in this Court. As Respondent stated, 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when

4

'§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a § 2241 petition to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her sentence under § 2241 if the claim meets three criteria: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Wheeler* criteria. *See Hood v. United States*, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014).

In this case, Dent does not argue that his sentence is illegal due to a subsequent change in law. Rather, Dent argues that his sentence was illegally enhanced at the time of imposition due to a prior drug conviction. Dent raised this argument to the Sentencing Court in a motion to reduce his sentence and he appealed the decision to the Fourth Circuit, but he was unsuccessful. Moreover, Dent has never filed a § 2255 motion raising this argument or any other challenge under § 2255.[3] Therefore, given the fact that Dent challenges the imposition of his sentence and has not shown that his remedy under § 2255 is inadequate or ineffective, the undersigned **FINDS** that Dent's challenge to his sentence is not cognizable under § 2241.

Considering that Dent was released from incarceration in January 2018, there exists the question of whether Dent's challenge to his sentence is likewise moot. It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release did not deprive the Court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations

---

[3] Dent filed what was initially construed as a motion under § 2255, but it was determined to be "merely an inquiry about the application of a recent court decision to the facts of [Dent's] case" and it was dismissed without prejudice. *See Dent*, Case No. 5:09-cr-00016 (W.D. Va. Dec. 27, 2011), at ECF No. 58.

omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, when a federal prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

In this case, Dent's release likely mooted his challenge to the statutory minimum period of incarceration that he received based on his prior conviction. Dent does not challenge his conviction; rather, he challenges the sentence enhancement that he

7

received. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Similarly, the capable of repetition, but evading review exception is inapplicable here, because there is no reasonable expectation that Dent will be incarcerated again and face the same set of circumstances in the future.

However, as noted, Dent is currently serving a term of supervised release following his incarceration. Under 21 U.S.C. § 841(b)(1)(B), Dent received an eight-year statutory minimum sentence of supervised release based upon his prior drug conviction. *Dent*, Case No. 5:09-cr-00016, at ECF No. 13 at 1 and ECF No. 33. While Dent only specifically refers to his prison sentence in his § 2241 petition, his argument that he should not have received a sentence enhancement for his prior drug conviction equally applies to the statutory minimum term of supervised release that he received based upon that conviction. Notably, the Sentencing Court discussed that the sentence enhancement applied to only one of the drug distribution counts that Dent faced. *Dent*, No. 5:09-cr-00016, at ECF No. 66 at 18. Dent was sentenced to eight years of supervised release on that count, as opposed to a statutory minimum sentence of 4 years in the absence of the enhancement. 21 U.S.C. § 841(b)(1)(B). He was sentenced to only three-year terms of supervised release on all other counts. *Id.* at 55. Dent's terms of supervised release were ordered to be served concurrently. *Id.* Therefore, the application of the sentence enhancement potentially meant the difference between Dent serving eight or four years of supervised release upon his release from prison. For the above reasons, the undersigned **FINDS** that Dent's claim is not moot due to his release from incarceration.

Yet, because Dent's claim is not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448,

8

452 (5th Cir. 2000). Regardless of which option is selected, Dent's claim is at an end in this jurisdiction, because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. Consequently, if Dent's petition is construed as a § 2255 motion, it must be transferred to the Sentencing Court for resolution. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

Here, before the petition can be construed as a section 2255 motion, the Court must provide Dent with an explanation of the effect that a recharacterization of his petition will have on future motions and give him an opportunity to withdraw or amend the petition. *Castro v. United States,* 540 U.S. 375, 382 (2003). Once that process is completed, the Court must then determine if transfer serves "the interest of justice."

Given the circumstances of this case, however, the Court can decline to construe the petition as a § 2255 motion on the basis of futility. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme

9

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Dent's criminal judgment was imposed on December 8, 2009. Dent filed a direct appeal on December 18, 2009, but voluntarily dismissed it on February 2, 2010. As such, his judgment became final upon the expiration of the time that Dent could have refiled his notice of appeal, which was, at the latest, in March 2010. Fed. R. App. P. 4(b)(1) (stating that a defendant's notice of appeal must be filed within 14 days of the entry of judgment); Fed. R. App. P. 4(b)(4) (stating that the district court may extend the time to file a notice of appeal up to 30 days from the expiration of the time period); *Harris v. United States*, No. 5:11-CR-247-BO, 2014 WL 11996376, at *2–3 (E.D.N.C. Jan. 23, 2014) (discussing in the context of evaluating the one-year AEDPA period that the defendant who voluntarily dismissed his direct appeal had the remaining days of the 14-day period to refile the notice of appeal and possibly an additional 30 days after that date to refile for good cause or excusable neglect, but that after that period, the judgment of conviction was final because the defendant did not pursue an appeal). Dent had one year from the time that his judgment of conviction became final within which he could file a § 2255 motion. Importantly, the subsequent modification of Dent's sentence under 18 U.S.C. § 3582(c)(2) and his motions to further reduce his sentence did not affect the one-year statute of limitation. *Mendoza-Maldonaldo v. United States*, No. 2:06-CR-00263, 2017 WL 9605082, at *1 n.1 (S.D.W. Va. Dec. 5, 2017), *report and recommendation adopted,* 2018 WL 3060035 (S.D.W. Va. June 19, 2018); *Nelson v. United States*, No. 1:08-CR-00058, 2016 WL 868344, at *3 n.2 (S.D.W. Va. Mar. 7, 2016), *aff'd,* 655 F. App'x 166 (4th

Cir. 2016); *Smith v. United States*, No. 7:03-CR-93-1-F1, 2008 WL 7542379, at *1 (E.D.N.C. Oct. 28, 2008). Dent did not file the instant action until September 2016. As such, if the petition were construed to be a § 2255 motion, Dent would have filed the motion more than *five years* after the expiration of the one-year limitation period provided in the AEDPA.

Dent does not assert that there was an impediment to filing this action, the existence of newly-discovered facts, or a newly-recognized right that is applicable to his sentence, nor does Dent adduce any argument that some extraordinary circumstance prevented him from timely filing. 28 U.S.C. § 2255(f)(2)-(4); s*ee United States v. Salamanca*, No. 3:11-CR-255-HEH, 2016 WL 6093484, at *4 (E.D. Va. Oct. 18, 2016) (discussing equitable tolling in § 2255 actions). Therefore, for all of the above reasons, the undersigned **FINDS** that the interest of justice would not be served in construing the petition as a motion under § 2255. Instead, this action should be dismissed outright for failure to state a claim under § 2241.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**;

2. Respondent's request for dismissal of this action, (ECF No. 9), be **GRANTED**; and

3. This action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** August 30, 2018

Cheryl A. Eifert
United States Magistrate Judge